# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2013

Lyle W. Cayce
Clerk

No. 12-51247
Summary Calendar

JOE RAFAEL JIMENEZ, JR.,

Plaintiff-Appellant

v.

BEXAR COUNTY SHERIFF'S DEPARTMENT; AMADEO ORTIZ; ROGER
DOVALINA; SERGEANT E. GONZALES, # 7540; DEPUTY RODRIGUEZ, Law
Library Deputy,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-400

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joe Rafael Jimenez, Jr., Texas prisoner # 01841216, seeks leave to proceed
in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983
action as frivolous and for failure to state a claim upon which relief could be
granted.  In denying Jimenez's request to proceed IFP on appeal, the district
court certified, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal was not taken

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in good faith.  By moving in this court for leave to proceed IFP, Jimenez is challenging the district court's certification decision.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

To proceed IFP, a litigant must be economically eligible, *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982), and the appeal must be taken in good faith. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous.  *Id.*

Consistent with his filings in the district court, Jimenez insists that his rights were infringed when he was arrested and then jailed in connection with charges that were later dismissed.  Our de novo review of the record and Jimenez's brief shows no potential nonfrivolous appellate claims.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  Insofar as Jimenez raises a claim concerning denial of access to courts against one defendant, it lacks merit because he has not shown that the alleged interference with access to legal and writing materials actually hampered his ability to bring or maintain a suit.  *See Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996).  With respect to his claims against the remaining defendants, he alleges only that some of them should be liable to him because they held supervisory positions.  This theory is not viable. *See James v. Tex. Collin Cnty.*, 535 F.3d 365, 373-74 (5th Cir. 2008); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

Although he now argues that he should have been permitted to amend his complaint, the record shows that he filed an amended complaint and did not request authorization to further amend the complaint.  Jimenez has not shown that he will raise a nonfrivolous appellate issue.  *See Howard*, 707 F.2d at 220. Consequently, we deny his IFP motion and dismiss his appeal as frivolous.  *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997).

The district court's dismissal of Jimenez's § 1983 action and this court's dismissal of his appeal count as two strikes for purposes of 28 U.S.C. § 1915(g).

*See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Additionally, he has at least one other strike.  *See Jimenez v. Bexar Cnty. Adult Det. Ctr.,* No. 5:11-cv-00106-FB (W.D. Tex. Apr. 4, 2011).  He is thus barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is "under imminent danger of serious physical injury."  *See* § 1915(g).

We caution Jimenez that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  To avoid such sanctions, Jimenez should review his pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; IFP MOTION DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.